IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 23-cr-00302-NYW-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    MICHAEL VERGATO,

    Defendant.

## ORDER

Defendant Michael Vergato ("Defendant") is charged with six counts of wire fraud, in violation of 18 U.S.C. § 1343. [Doc. 1]. A seven-day trial on those charges is set to begin on May 19, 2025. [Doc. 68 at 5; Doc. 73 at 1].

Defendant has filed two Motions seeking early disclosure of trial materials: Defendant's Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency, or Preferential Treatment, [Doc. 90 (the "Motion for Early Disclosure of *Giglio* Material")], and Defendant's Motion for Early Disclosure of Jencks Material, [Doc. 91]. The Government has responded in opposition to both Motions. [Doc. 96]. For the reasons set forth in this Order, the Motion for Early Disclosure of *Giglio* Material is respectfully **DENIED** and the Motion for Early Disclosure of Jencks Material is respectfully **GRANTED in part** and **DENIED in part**.

### I.    The Motion for Early Disclosure of *Giglio* Material

Defendant first moves for a Court order requiring the Government to disclose a wide swath of information, broadly summarized as information about the Government's

promises or agreements to provide immunity to or not prosecute any Government witness or informant. [Doc. 90 at ¶¶ 1–2]. Defendant also asks that the Government be ordered to disclose "[a]ll information concerning disciplinary actions taken against any law enforcement officers who may testify in this matter as said actions relate to conduct concerning his or her integrity, responsibilities or competency." [*Id.* at ¶ 3]. He asks that the Government be ordered to produce these materials "immediately," but "not later than April 28, 2025." [*Id.* at 5]. Defendant's request is made pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). *See* [Doc. 90 at 4].

The Government acknowledges its continuing duty to make disclosures, [Doc. 96 at 2], and represents that it intends to comply with all of its discovery obligations, including those imposed by *Giglio* and *Brady v. Maryland*, 373 U.S. 83, 87 (1963), [Doc. 96 at 7]. The Government represents to the Court that it "has been providing evidence which may be exculpatory throughout the pendency of this case and will continue to do so on a rolling basis as such evidence comes into its possession." [*Id.* at 7–8]. But the Government objects to Defendant's requested timelines for disclosure of *Giglio* materials, arguing that these materials only need to be disclosed in enough time to effectively prepare for trial, and given the variable nature of trial preparation, there is no basis to require the Government to produce these materials by the requested date. [*Id.* at 8–9].

In *Brady*, the Supreme Court of the United States held that due process requires prosecutors to disclose potentially exculpatory evidence to the defense. *See* 373 U.S. at 87 ("[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). And in *Giglio*, the Supreme

2

Court held that exculpatory evidence includes evidence that impacts witness credibility if the witness's credibility will likely determine guilt or innocence. See 405 U.S. at 154.

*Brady* material must be disclosed to a defendant with enough time for the defendant to make use of it in his or her defense. *See United States v. Scarborough*, 128 F.3d 1373, 1376 (10th Cir. 1997). But "pure *Giglio* impeachment evidence . . . does not require substantial time to prepare for its effective use at trial." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1255 (D.N.M. 2008). Moreover, the Court "should rely on the government's representations of its compliance with *Brady* unless the defendant shows cause to question them and the materiality of the evidence sought." *Id.* at 1256 (citing *United States v. McVeigh*, 923 F. Supp. 1310, 1314 (D. Colo. 1996)). At this time, the Court "sees no reason to question the Government's representation that it is aware of and intends to comply with its disclosure obligations." *United States v. Guerrero*, No. 22-cr-00160-WJM, 2023 WL 5179117, at *2 (D. Colo. Aug. 11, 2023). And the Court respectfully concludes that Defendant has not demonstrated why he cannot effectively prepare for trial absent disclosure of all *Giglio* material by April 28, 2025. Accordingly, the Motion for Early Disclosure of Giglio Material is respectfully **DENIED**.

## II. The Motion for Early Disclosure of Jencks Material

In his Motion for Early Disclosure of Jencks Material, Defendant asks that the Court order the Government to produce to Defendant all witness statements as defined in Rule 26.2(f), as well as "any and all notes and memorandum [sic] made by the government and its counsel during the interviews of [its] witnesses." [Doc. 91 at ¶¶ 3–4]. He acknowledges that there is no mandatory pretrial disclosure of these items, but argues that without early disclosure of these materials, there will be "unwarranted disruptions in

3

trial" and he will be denied "the ability to adequately and fairly defend against the charges" in this case. [*Id.* at ¶ 6]. He asks that these materials be ordered disclosed "in a reasonable time prior to trial," but "no later than April 28, 2025." [*Id.* at 3].

The Government responds that (1) it has already disclosed a substantial about of Jencks material and will continue to do so on a rolling basis; and (2) Defendant has provided no explanation for his requested deadline. [Doc. 96 at 4–5]. It also argues that the Court should deny Defendant's request for notes and memoranda because (1) Defendant's cited authority does not support the broad request for attorney work product; (2) this request is beyond the plain language of Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act; and (3) there is no right to the production of handwritten notes that have been incorporated into final reports. [*Id.* at 5–7].

Rule 26.2 of the Federal Rules of Criminal Procedure states:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim. P. 26.2(a). This rule applies to (1) "a written statement that the witness makes and signs, or otherwise adopts or approves," (2) "a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording," or "the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement." Fed. R. Crim. P. 26.2(f).

Similarly, under the Jencks Act, "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the

United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b); *see also Lujan*, 530 F. Supp. 2d at 1232 ("The Jencks Act requires the government to disclose to criminal defendants any statement made by a government witness that is 'in the possession of the United States' once that witness has testified." (quoting 18 U.S.C. §§ 3500(a), (b)). The purpose of the Jencks Act is to "protect Government files from unwarranted disclosure" and to "allow defendants materials usable for the purposes of impeachment." *United States v. Smaldone*, 544 F.2d 456, 460 (10th Cir. 1976).

"The terms of the [Jencks Act] itself . . . limit a court's ability to order pretrial disclosure of witness statements." *Lujan*, 530 F. Supp. 2d at 1254. "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984); *see also United States v. McKenzie*, 768 F.2d 602, 609 (5th Cir. 1985) ("The trial court cannot compel disclosure of Jencks material at any earlier point."); *United States v. Jackson*, No. 91-5815, 1992 WL 42947, at *2 (4th Cir. Mar. 9, 1992) (per curiam) (explaining that the Jencks Act requires disclosure only after a witness called by the Government has testified on direct examination). *But see* Fed. R. Crim. P. 26.2 advisory committee's note ("[Rule 26.2] is not intended to discourage the practice of voluntary disclosure at an earlier time so as to avoid delays at trial.").

Respectfully, the Court finds that Defendant has not demonstrated that the Court may or should order the early disclosure of Jencks material. The Government represents that it has already disclosed "a substantial amount" of Jencks material and that it will

continue to do so. [Doc. 96 at 4, 7]. The Court takes these statements, made by officers of the Court, as true. *See Holloway v. Arkansas*, 435 U.S. 475, 486 (1978) ("[A]ttorneys are officers of the court, and when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath." (cleaned up)). Defendant has cited no legal authority expressly requiring early disclosure of Jencks material, *see* [Doc. 91]; *see also United States v. Coronado*, No. 16-cr-03076-JCH, 2019 WL 145569, at *2 (D.N.M. Jan. 9, 2019) ("[T]he Court cannot compel the production of Jencks Act statements prior to trial."), and the Court respectfully finds his assertion that delaying disclosure until after each witness's direct testimony "will cause unwarranted disruptions in trial," [Doc. 91 at ¶ 6], to be speculative and unsupported. While the Court encourages the Government to continue its pretrial disclosures to ensure the efficient progression of trial and promote the fairness of the proceedings, the Court will not order the early disclosure of Jencks material.

Finally, the Court agrees with the Government that Defendant has not demonstrated a broad entitlement to notes or memoranda taken or created by the Government's counsel during witness interviews. To be sure, "a writing prepared by a Government lawyer relating to the subject matter of the testimony of a Government witness *that has been 'signed or otherwise adopted or approved' by the Government witness* is producible under the Jencks Act." *Goldberg v. United States*, 425 U.S. 94, 98 (1976) (emphasis added); *see also* 18 U.S.C. § 3500(e)(1) (defining "statement" to include "a written statement made by said witness and signed or otherwise adopted or approved by" the witness). The Government represents to the Court that it "is aware that this limited category of writing falls under the Jencks Act and will produce any such

materials that it possesses." [Doc. 96 at 5]. But "[p]roper application of the [Jencks] Act will not compel disclosure of a Government lawyer's recordation of mental impressions, personal beliefs, trial strategy, legal conclusions, or anything else that 'could not fairly be said to be the witness' own' statement." *Goldberg*, 425 U.S. at 106 (quoting *Palermo v. United States*, 360 U.S. 343, 350 (1959)).

Accordingly, the Motion for Early Disclosure of Jencks Material is **GRANTED in part**, to the limited extent that the Court affirms the Government's obligation under the Jencks Act to disclose, after witness testimony, any writings that have been signed or otherwise approved by the testifying witness. *Id.* at 98. The remainder of the Motion is respectfully **DENIED**.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Defendant's Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency, or Preferential Treatment [Doc. 90] is **DENIED**; and

(2) Defendant's Motion for Early Disclosure of Jencks Material [Doc. 91] is **GRANTED in part** and **DENIED in part**.

DATED: April 23, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge