IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 23-cr-00302-NYW-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    MICHAEL VERGATO,

    Defendant.

---

### ORDER ON RULE 801(d)(2)(E) ADMISSIBILITY OF STATEMENTS

---

Defendant Michael Vergato ("Mr. Vergato") is charged with six counts of wire fraud, in violation of 18 U.S.C. § 1343. [Doc. 1]. He has now filed a Motion for Disclosure of 801(d)(2)(E) Evidence and Request for a *James* Hearing. [Doc. 92]. The Government has responded to the Motion, *see* [Doc. 97], and has provided a *James* log setting forth 74[1] entries of purported co-conspirator statements that it contends are admissible at trial under Federal Rule of Evidence 801(d)(2)(E), *see* [Doc. 97-1]. The Parties also submitted a Joint Submission of Statements Subject to Dispute for the April 23, 2025, *James* Hearing. [Doc. 100]. The Court held a *James* hearing on April 23, 2025. See [Doc. 102].

### LEGAL STANDARDS

Under Rule 801(d)(2)(E), an out-of-court statement is not hearsay if the statement is offered against the opposing party and the statement was "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).

---

[1] The *James* log contains 75 entries, *see* [Doc. 97-1], but the Government has since withdrawn its request to admit the statement contained in Entry 1, *see* [Doc. 100 at 1].

For a statement to be admissible under Rule 801(d)(2)(E), the Court "must first find the following elements by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course of and in furtherance of the conspiracy." *United States v. Hall*, 473 F.3d 1295, 1302–03 (10th Cir. 2007) (quotation omitted).

**Existence of a Conspiracy.**   To establish a conspiracy, the government must show that "(1) there was an agreement to violate the law, (2) the declarant knew the essential objectives of the conspiracy, (3) the declarant knowingly and voluntarily took part in the conspiracy, and (4) the coconspirators were interdependent." *United States v. Rutland*, 705 F.3d 1238, 1249 (10th Cir. 2013).  "The conspiracy supporting the introduction of the out-of-court statement need not be the same as the conspiracy charged in the indictment, so long as the statement was in furtherance of the uncharged conspiracy." *Id.* at 1248 n.4.

"[T]he conspiracy at issue need not be charged and need not even be criminal." *United States v. DaVita Inc.*, 592 F. Supp. 3d 970, 980 (D. Colo. 2022) (citing *United States v. Saimiento-Rozo*, 676 F.2d 146, 149 (5th Cir. 1982)); *see also United States v. Brewington*, No. 15-cr-00073-PAB, 2018 WL 1411274, at *1 (D. Colo. Mar. 21, 2018) ("For its preliminary determination under Fed. R. Evid. 801(d)(2)(E), it is not necessary for the government to prove that the conspiracy was for unlawful purposes.") (citing *United States v. Martinez*, 825 F.2d 1451, 1452 (10th Cir. 1987))).  No formal agreement is necessary, so long as the coconspirators "tacitly came to a mutual understanding." *Rutland*, 705 F.3d at 1250 (quotation omitted).  "The existence of the agreement to violate the law may be inferred from a unity of purpose or common design and understanding

2

among conspirators to accomplish the objects of the conspiracy." *United States v. Thompson*, 518 F.3d 832, 853 (10th Cir. 2008) (quotation omitted). "[A] conspiracy, once instituted, continues to exist until it is abandoned, succeeds, or is otherwise terminated by some affirmative act, such as withdrawal by the defendant." *United States v. Russell*, 963 F.2d 1320, 1322 (10th Cir. 1992).

***Membership in the Conspiracy.*** "A person is a member of a conspiracy if he was aware of the common purpose, willingly participated in the conspiracy, and intended to advance the purpose of the conspiracy." *Rutland*, 705 F.3d at 1251. A person may be a member of the conspiracy even if the person has not been formally charged. *United States v. Majeed*, No. 21-cr-20060-JAR, 2024 WL 989851, at *3 (D. Kan. Mar. 7, 2024) (citing *United States v. Durland*, 575 F.2d 1306, 1309–10 (10th Cir. 1978)).

***Statements Made in the Course of and in Furtherance of the Conspiracy.*** "[A] strict construction of the 'in the course of' requirement is mandated by the Supreme Court's warning against any increased broadening of the already expansive federal conspiracy law." *United States v. Perez*, 989 F.2d 1574, 1579 (10th Cir. 1993). The statement must have been made "before the objectives of the conspiracy have either failed or been achieved." *United States v. Owens*, 70 F.3d 1118, 1126 (10th Cir. 1995) (quotation omitted).

As for the requirement that the statement must have been made in furtherance of the conspiracy, "[a] wide array of statements can fit this requirement." *United States v. Alcorta*, 853 F.3d 1123, 1137 (10th Cir. 2017). For example, statements identifying coconspirators or discussing their roles in the conspiracy, *United States v. Williamson*, 53 F.3d 1500, 1520 (10th Cir. 1995), or statements "intended to promote the conspiratorial

3

objectives," *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007) (quotation omitted), are made in furtherance of the conspiracy. Other examples include:

> statements made to induce enlistment or further participation in the group's activities; statements made to prompt further action on the part of conspirators; statements made to reassure members of a conspiracy's continued existence; statements made to allay a co-conspirator's fears; and statements made to keep co-conspirators abreast of an ongoing conspiracy's activities.

*Perez*, 989 F.2d at 1578 (quotation omitted). The Court's focus must be on "the declarant's intent in making the statement" and on "the context in which the challenged statement was made." *Id.* at 1578–79 (quotation omitted). Courts construe the "in furtherance of" requirement narrowly. *Id.* at 1578.

**The Evidentiary Burden.** "[A] district court can only admit coconspirator statements if it holds a *James* hearing or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence.'" *Townley*, 472 F.3d at 1273 (quoting *Owens*, 70 F.3d at 1123). Aside from rules on privilege, the Federal Rules of Evidence do not apply at a *James* hearing. Fed. R. Evid. 104(a); *Bourjaily v. United States*, 483 U.S. 171, 178 (1987). When deciding whether the offering party has satisfied its burden at a *James* hearing, "the district court has the discretion to consider any evidence not subject to a privilege, including both the coconspirator statements the government seeks to introduce at trial and any other hearsay evidence, whether or not that evidence would be admissible at trial." *Owens*, 70 F.3d at 1124. Importantly, there must be "some independent evidence beyond th[e] statements that links the defendant to the conspiracy." *Brewington*, 2018 WL 1411274, at *2 (citing *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996)); *see also United States v. Rascon*, 8 F.3d 1537, 1541 (10th Cir. 1993) ("[M]ost courts require some reliable corroborating evidence

4

apart from the [co-conspirator's] statements before those statements may be used."). "Such independent evidence may be sufficient even when it is not substantial." *Lopez-Gutierrez*, 83 F.3d at 1242 (quotation omitted).

## ANALYSIS

Notwithstanding the Court's below findings, Mr. Vergato is presumed innocent. After reviewing the Parties' briefs, the Government's exhibits, and the testimony adduced at the April 23 *James* hearing, the Court makes the following findings:

Based on the record before the Court and as detailed more fully below, the Government has shown, by a preponderance of the evidence, the existence of a conspiracy between Mr. Vergato and co-Defendant Mark Perlstein ("Mr. Perlstein") from at least late 2013 to sometime in 2020 to pay OPTO, through electronic wire transfers, funds for work not performed but invoiced to DV Corp., to the mutual benefit of Mr. Vergato and Mr. Perlstein. The Government has also shown that the conspiracy included C.V. and E.K.[2] as members. Below, the Court summarizes facts that have been established by a preponderance of the evidence in the present record.

The existence of the conspiracy was shown, independent of the Rule 801(d)(2)(E) statements themselves, by the testimony of FBI Special Agent Sarah Anderson, who was assigned as the case agent for the FBI's investigation of Mr. Vergato and Mr. Perlstein.

---

[2] The Government refers to these individuals using their initials "[t]o safeguard the privacy interests of individuals who have not been charged in the Indictment." [Doc. 97 at 7 n.2]. However, at the *James* hearing, both C.V.'s and E.K.'s full names were used in open court. Similarly, the respective employers of Mr. Vergato and Mr. Perlstein are identified as "DV Corp." and "ARW." [*Id.* at 8]. The Court uses these individuals' initials and companies' identifiers for purposes of this Order, but makes no ruling as to whether continued use will be permitted during trial.

[Hearing Tr. at 3:3–19].³  Agent Anderson participated in interviews with Mr. Perlstein, C.V., and E.K., among others.  *See, e.g.*, [*id.* at 3:20–22, 6:24–25:1, 11:18–20, 44:24–3, 58:8–12, 67:12–15].

At the time of the alleged conspiracy, Mr. Perlstein and Mr. Vergato were both employed in high-level positions at their respective companies—Mr. Perlstein worked at the Chief Operating Officer at DV Corp., and Mr. Vergato worked as the Chief Technology Officer at ARW.  [*Id.* at 5:23–6:1, 6:9–10].  Agent Anderson's testimony demonstrated that Mr. Vergato and Mr. Perlstein agreed to form an entity for the purported purpose of performing subcontracting services for DV Corp.  [*Id.* at 10:13–22].  Mr. Vergato asked his stepdaughter, C.V., if her name could be used in the formation of the entity, which was eventually incorporated under the name Oracle Performance Tuning & Optimization ("OPTO").  [*Id.* at 5:16–17, 11:21–12:3].  OPTO was incorporated by Mr. Vergato in late 2013.  [*Id.* at 13:9–20].  C.V. was not an OPTO employee and performed no substantive work for OPTO.  [*Id.* at 12:4–8].  Agent Anderson did not identify any actual OPTO employees in her investigation.  [*Id.* at 38:8–14].

OPTO, purportedly through C.V., sent statements of work and invoices to Mr. Perlstein at DV Corp. for work purportedly performed by OPTO.  *See, e.g.*, [*id.* at 15:7–8:21; Ex. 18].  However, C.V. denied ever using any email accounts associated with OPTO.  [Hearing Tr. at 12:14–16, 14:22].  The email account in C.V.'s name was instead controlled by Mr. Vergato.  [*Id.* at 14:18–15:6].  There is no evidence of actual work provided or performed by OPTO for DV Corp.—including after review of internal emails

---

³ The Court cites to a preliminary nonpublic version of the *James* hearing transcript. Accordingly, there may be some variations with respect to page numbers, line numbers, or specific language should an official transcript be ordered and prepared.

and interviews with DV Corp. employees, as well as Mr. Perlstein. [*Id.* at 29:25–2; 59:19–60:3]. Although OPTO did not perform the work contemplated in the invoices, DV Corp. issued payment on all of the invoices. [*Id.* at 26:16–24, 28:8–29:21].

In addition, Mr. Perlstein's brother-in-law, E.K., sent invoices to OPTO on behalf of his company, Marketing Solutions & Communications ("MSC"). [*Id.* at 17:9–18:17, 57:15–18]. He did so at Mr. Perlstein's direction. [*Id.* at 18:24–25]. Those invoices were sent to the OPTO email address assigned to C.V. [*Id.* at 18:22–23]; *see also, e.g.*, [Ex. 22]. OPTO then paid those invoices, even though E.K. performed no work for OPTO. [Hearing Tr. at 26:24–27:23]. E.K. would retain a small portion of the payment and remit the remainder to Mr. Perlstein. [*Id.* at 35:25–36:3]. E.K. stopped sending invoices to OPTO in 2016, but OPTO's payments to MSC continued for an additional two years. [*Id.* at 36:4–15]. In 2018, OPTO stopped paying MSC and began paying a company called PhysicalCloud, which was another company controlled by Mr. Perlstein. [*Id.* at 36:16–22]. No invoices were ever submitted by PhysicalCloud to OPTO and PhysicalCloud performed no work for OPTO. [*Id.* at 36:23–37:5].

In all, DV Corp. paid approximately $1.95 million to OPTO between 2014 and 2020. [*Id.* at 37:12–14]. About $1 million of that went to Mr. Perlstein. [*Id.* at 37:15–18]. The remainder was retained in OPTO's bank account, a portion of which was spent by Mr. Vergato. [*Id.* at 37:19–38:4].

Mr. Perlstein pleaded guilty on January 27, 2025 to one count of wire fraud in connection with the above conspiracy. *See* [Doc. 80]; *see also* [Doc. 1].

7

The Court makes the following preliminary determinations of provisional admissibility pursuant to Rule 801(d)(2)(E), with the caveat that the Government must "connect up" these statements with evidence at trial, see *Owens*, 70 F.3d at 1123:[4]

| Entry Number | Ruling |
|---|---|
| 2[5] | The Government has <u>not</u> shown that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy.<br><br>Defendant's objection that the statements are "in reference to work Mark Perlstein and Michael Vergato were performing together prior to any alleged conspiracy and does not indicate any plans to engage in the purported conspiracy," such that it is not part of the conspiracy or made in furtherance of the conspiracy, [Doc. 100 at 1–2], is **SUSTAINED**.<br><br>The Government did not offer any evidence demonstrating that the contents of these emails are in reference to the conspiracy. Instead, the Government's argument is essentially that these statements provide context to Mr. Perlstein's and Mr. Vergato's relationship. *See* [*id.* at 2]. And although Agent Anderston testified at the hearing that the emails show the importance DV Corp. placed on strong references in order to gain clients, this too simply provides additional context for the emails, but does not demonstrate that the emails were sent in furtherance of the conspiracy.[6] |
| 3 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |

---

[4] The Court assumes that each statement will be offered for the truth of the matter asserted, so as to render Rule 801 applicable to each statement.

[5] The "Entry Number" column reflects the entry numbers appearing on the Government's *James* Log, *see* [Doc. 97-1], which correspond with the exhibit numbers assigned to those documents. The Government withdrew its request to admit Entry 1 as a co-conspirator statement. [Doc. 100 at 1].

[6] "[T]estimony not offered to prove the matter asserted that is 'offered instead for relevant context or background' is not hearsay." *United States v. Becknell*, 601 F. App'x 709, 712 (10th Cir. 2015) (emphasis omitted) (quoting *United States v. Hinson*, 585 F.3d 1328, 1336 (10th Cir. 2009)). Thus, some courts have admitted out-of-court statements that are offered to provide context and not to prove the truth of the matter asserted. *See, e.g.*, *United States v. Christian*, No. 20-cr-01231-WJ, 2024 WL 3859019, at *6 (D.N.M. Aug. 19, 2024); *United States v. Bhula*, No. 19-cr-01631-KWR, 2021 WL 4355600, at *8 (D.N.M. Sept. 24, 2021). The Court makes no ruling as to the admissibility of any statement on any grounds other than Rule 801(d)(2)(E).

| Entry Number | Ruling |
|---|---|
|  | Defendant's objection that this statement "is in reference to work Mark Perlstein and Michael Vergato were performing together prior to any alleged conspiracy and does not indicate any plans to engage in any purported conspiracy," such that it is not part of the conspiracy or made in furtherance of the conspiracy, [Doc. 100 at 3], is **OVERRULED**. The Government adduced sufficient evidence for the Court to conclude, by a preponderance of the evidence, that these statements are related to and were made during and in furtherance of the conspiracy. |
| 4 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 5 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 6 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 7 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 8 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 9 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy.<br><br>Defendant's objection that "[n]othing in this statement refers to any conspiracy or that it is in furtherance of any conspiracy," [Doc. 100 at 6], is **OVERRULED**. Despite the lack of any express reference to the conspiracy, based on testimony from Agent Anderson that Mr. Vergato and Mr. Perlstein would meet in person to discuss the conspiracy, the Court finds by a preponderance of the evidence that this statement was made in furtherance of the conspiracy. |
| 10 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 11 | As to the statements made by Mr. Perlstein to Kelley Turner, the Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy.<br><br>Defendant's objection that Mr. Perlstein's statement "is in reference to statements of work for [ARW] not OPTO and is not relevant to any |

| Entry Number | Ruling |
|---|---|
| | alleged conspiracy nor was it in furtherance of any alleged conspiracy," [Doc. 100 at 6], is **OVERRULED**. The Government put forth sufficient evidence to find, by a preponderance of the evidence, that these statements were related to and made in furtherance of the subject conspiracy.<br><br>However, as to the statements made by Ms. Turner to Mr. Perlstein, the Government has not shown that the declarant was a member of the conspiracy, as the Government did not adduce evidence that Ms. Turner knew of the common purpose and intended to advance the purpose of the conspiracy. *Rutland*, 705 F.3d at 1251. Thus, statements by Ms. Turner to Mr. Perlstein are not admissible pursuant to Rule 801(d)(2)(E), but may be admissible on other grounds that the Court does not consider herein. *See supra* note 6. |
| 12 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 13 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 14 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 15 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 16 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 17 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 18 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 19 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 20 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 21 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |

| Entry Number | Ruling |
|---|---|
| 22 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 23 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 24 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 25 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 26 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 27 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 28 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 29 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 30 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 31 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 32 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 33 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 34 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 35 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 36 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |

| Entry Number | Ruling |
|---|---|
| 37 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 38 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 39 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 40 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 41 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 42 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 43 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 44 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 45 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 46 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 47[7] | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy.<br><br>Defendant's objection that the statement "is not about the alleged conspiracy nor was it made in furtherance of the alleged conspiracy as it is perfectly normal for a person to not want their accountant to mail their personal finance information to their work email," [Doc. 100 at 9], is **OVERRULED**. Defendant's differing interpretation of the evidence does not negate the Government's showing. When viewed |

---

[7] The Court observes that the Government's *James* log only seeks provisional admission of statements from Mr. Vergato to his accountant, Mary Sharp, and does not seek provisional admission of any statements made by Ms. Sharp. *See* [Doc. 97-1 at 29–30]. The Court's ruling is limited to Mr. Vergato's statements.

| Entry Number | Ruling |
|---|---|
| | in context with other evidence, the Government has shown that the statement was made in furtherance of the conspiracy. |
| 48 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 49 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 50 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 51 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 52 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 53 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 54 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 55 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 56 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 57 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 58 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 59 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 60 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 61 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |

| Entry Number | Ruling |
|---|---|
| 62 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 63 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 64 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 65 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 66 | As to the statements made by Mr. Perlstein to Rick Gaisser, the Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy.<br><br>As to the statements made by Mr. Gaisser to Amber Poppen, the Government has <u>not</u> shown that the declarant was a member of the conspiracy, as the Government did not adduce evidence that Mr. Gaisser knew of the common purpose and intended to advance the purpose of the conspiracy. *Rutland*, 705 F.3d at 1251. These statements may be admissible on other grounds that the Court does not consider herein. *See supra* note 6. |
| 67 | As to the email from Mr. Vergato to Mr. Gaisser, the Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy.<br><br>As to the email from Mr. Gaisser to Ms. Poppen, the Government has <u>not</u> shown that the declarant was a member of the conspiracy, as the Government did not adduce evidence that Mr. Gaisser knew of the common purpose and intended to advance the purpose of the conspiracy. *Rutland*, 705 F.3d at 1251. These statements may be admissible on other grounds that the Court does not consider herein. *See supra* note 6. |
| 68 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 69 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 70 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |

| Entry Number | Ruling |
|---|---|
| 71 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 72 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 73[8] | The Government has <u>not</u> shown that this statement was made during the conspiracy.<br><br>Defendant's objection that "this email was sent well after the alleged conspiracy was over and was not in furtherance of the alleged conspiracy," [Doc. 100 at 9], is **SUSTAINED**.  The Government argues that the statement was made during the conspiracy because "Mr. Vergato is attempting to cover up for his role in the conspiracy." [*Id.*].  However, "[t]he duration of a conspiracy does not extend to attempts to conceal the crime." *United States v. Silverstein*, 737 F.2d 864, 867 (10th Cir. 1984). "It is possible that once a conspiracy ends, a new conspiracy may be created to conceal the first; however, in such a case all of the elements of a conspiracy charge must be present to establish a second conspiracy, and mere efforts to keep the previous conspiracy a secret do not amount to a new conspiracy." *United States v. Griggs*, No. 08-cr-00365-MSK, 2012 WL 628595, at *6 (D. Colo. Feb. 27, 2012). Here, the Government identifies a conspiracy to commit wire fraud, but does not identify a second conspiracy to cover up the alleged wire fraud.  [Doc. 97 at 8–12]. Based on the testimony at the *James* hearing, it appears that the conspiracy ended at some point in 2020, after each Defendant separated from their employment with their company, and there was no evidence of continued communications between Mr. Vergato and Mr. Perlstein in 2021.  In light of the Court's duty to apply a "strict construction" to the "in the course of" requirement, *Perez*, 989 F.2d at 1579, the Court cannot conclude that this statement was made in furtherance of the conspiracy, *see Griggs*, 2012 WL 628595, at *6 ("In the absence of a showing of how statements made by coconspirators |

---

[8] The Government states that its Rule 801 rationale for offering this statement is Rule 801(d)(2)(A), not Rule 801(d)(2)(E). [Doc. 97-1 at 40]. Rule 801(d)(2)(A) provides that a statement is not hearsay if it is offered against an opposing party and "was made by the party in an individual or representative capacity."  Fed. R. Evid. 801(d)(2)(A).  But in its response to Defendant's objection to this statement, the Government argues that this statement was made during the conspiracy because "Mr. Vergato is attempting to cover up for his role in the conspiracy." [Doc. 100 at 9].  Because this statement is included in the Government's *James* log, the Court assumes that the Government seeks to admit this statement under Rule 801(d)(2)(E) and does not pass on its admissibility under Rule 801(d)(2)(A).

| Entry Number | Ruling |
|---|---|
| | after [the objectives of the conspiracy failed or succeeded] were made during or in furtherance of the alleged conspiracy, they do not fall within F.R.E. 801(d)(2)(E)."). |
| 74 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |
| 75 | The Government has shown, by a preponderance of the evidence, that the statement(s) was or were made during the conspiracy and in furtherance of the conspiracy. |

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Mr. Vergato's Motion for Disclosure of 801(d)(2)(E) Evidence and Request for a *James* Hearing [Doc. 92] is **GRANTED**, as the Court has held a *James* hearing and has ordered the Government to produce all alleged co-conspirator statements it seeks to admit at trial, *see* [Doc. 94];

(2) Defendant's objections are **SUSTAINED in part** and **OVERRULED in part**; and

(3) The Court's preliminary determinations of admissibility of statements under Rule 801(d)(2)(E) are set forth in the chart above.

DATED: April 30, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge