IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 23-cr-00302-NYW-2

UNITED STATES OF AMERICA,

　　Plaintiff,

v.

2.　　MICHAEL VERGATO,

　　Defendant.

---

### ORDER ON MOTION FOR BAIL PENDING APPEAL

---

This matter is before the Court on the Motion for Bail Pending Appeal Pursuant to 18 U.S.C. § 3143 (or "Motion"). [Doc. 219]. The Government has responded in opposition. [Doc. 223]. For the reasons set forth in this Order, the Motion is respectfully **DENIED**.

### BACKGROUND

On June 20, 2023, Defendant Michael Vergato ("Defendant" or "Mr. Vergato") was charged with six counts of wire fraud and aiding and abetting the same in violation of 18 U.S.C. §§ 1343 and 2. [Doc. 1]. The Indictment alleged that Mr. Vergato and his co-Defendant, Mark Perlstein, engaged in a scheme to defraud Datavail Corporation ("Datavail") by creating and operating a shell company that charged Datavail for nearly $2 million worth of services that were never performed. [*Id.* at ¶¶ 1–14].

Mr. Vergato was tried in May 2025 and was convicted by a jury on all six counts. [Doc. 137; Doc. 154]. Mr. Vergato filed a Motion for Judgment of Acquittal or New Trial,

[Doc. 158], which this Court denied, [Doc. 193].  On September 9, 2025, the Court sentenced Mr. Vergato to 46 months' imprisonment, to be followed by three years of supervised release.  [Doc. 215 at 2–3].  Mr. Vergato filed a Notice of Appeal on September 17, 2025.  [Doc. 218].  He now asks the Court to continue his bond pending the resolution of the appeal.  [Doc. 219].

## ANALYSIS

"There is no constitutional right to bail pending appeal."  *United States v. Affleck*, 765 F.2d 944, 948 (10th Cir. 1985) (en banc).  "Rather, the 'general rule' is that a defendant who has been convicted will be detained on his or her sentence pending an appeal."  *United States v. Yurek*, No. 15-cr-00394-WJM, 2018 WL 1932750, at *1 (D. Colo. Apr. 24, 2018) (quoting *United States v. Fisher*, 613 F. App'x 748, 749 (10th Cir. 2015)).  Under 18 U.S.C. § 3143, the Court "shall order" a defendant be detained unless it finds (1) that the defendant is not likely to flee or pose a danger to the community; and (2) that the appeal "is not for the purpose of delay and raises a substantial question of law or fact" that is likely to result reversal, a new trial, a non-custodial sentence, or a reduced sentence to a term of imprisonment less than the total of the time already served, plus the expected duration of the appeal process.  18 U.S.C. § 3143(b)(1)(B).

The "substantial question" analysis requires the Court to make two determinations.  "First, the court must decide that the appeal raises a 'substantial' question of law or fact." *Affleck*, 765 F.2d at 952.  Then the Court must decide whether, if the substantial question were to be answered in the defendant's favor on appeal, the appellate decision "is likely to result in reversal or an order for a new trial of all counts on which imprisonment has

been imposed." *Id.* (quotation omitted). Defendant has the burden to show that bail pending appeal is warranted. *Id.* at 953.

**Danger of Flight or Risk to the Community.** Mr. Vergato argues that his years-long history of compliance with his bond conditions establishes by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of another person or the community. [Doc. 219 at 4]. The Government does not contest this assertion or argue that there is any risk of flight or danger to the community. *See* [Doc. 223]. Defendant has been out on bond since the inception of this case, *see* [Doc. 6], and has complied with all conditions of his release. The Court thus finds this factor is satisfied, and its analysis focuses on whether Defendant's appeal raises a "substantial question" that is likely to result in reversal or an order for a new trial. 18 U.S.C. §1343(b)(1)(B).

**Substantial Question.** A "substantial question" is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Affleck*, 765 F.2d at 952 (quotation omitted). "[P]roperly interpreted, 'substantial' defines the *level of merit* required in the question presented." *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985). "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis." *Affleck*, 765 F.2d at 952.

Defendant's Motion raises three issues he believes are "substantial questions" in his appeal; notably, these three arguments were raised in his Motion for Judgment of Acquittal or New Trial and were rejected by this Court.

Mr. Vergato first argues that the issue of whether the Government constructively amended the Indictment at trial is a substantial question presented in his appeal. [Doc.

3

219 at 6–7]. He argues that the Government "repeatedly introduced evidence" at trial "that was irrelevant to the charges brought in the Indictment with the intent of changing the alleged victim in the case from Datavail to Arrow [Electronics]," the company he worked for during the scheme. [*Id.* at 6]. He insists that the Government "argued an entirely different scheme that that which was alleged in the Indictment," which he says violated his constitutional rights and substantially prejudiced his trial. [*Id.*].

A constructive amendment of an indictment occurs when the jury instructions and evidence at trial broaden the indictment, *United States v. Koerber*, 10 F.4th 1083, 1116 (10th Cir. 2021), or "when the indictment alleges a violation of the law based on a specific set of facts, but the evidence and instructions then suggest that the jury may find the defendant guilty based on a different, even if related, set of facts," *United States v. Miller*, 891 F.3d 1220, 1234 (10th Cir. 2018). In this case, the Court has already concluded that "the Government adduced evidence and argued at trial that Datavail was defrauded in that it paid nearly $2 million for services not actually rendered—which is the fraud scheme alleged in the Indictment." [Doc. 193 at 8]. Specifically, the Government offered evidence that Mr. Vergato and Mr. Perlstein formed a shell company that was purportedly performing services for Datavail, and that Datavail paid for those purported services, but that no services were actually performed for Datavail. *See, e.g.*, [Doc. 165 at 81:6–24, 85:15–86:7, 89:21–90:2, 110:3–11, 114:5–21, 185:1–13, 193:5–19]. Therefore, the Court respectfully remains unconvinced that there was any constructive amendment of the Indictment at trial; rather, the Government adduced evidence from which a rational trier of fact could convict Defendant of the scheme charged in the Indictment. The Court finds

that Mr. Vergato has not demonstrated the existence of a substantial question, or "close" question, on appeal.  *Affleck*, 765 F.2d at 952.

Next, Defendant argues that a substantial question exists about whether the Government failed to prove at trial that Mr. Vergato made a materially false statement in connection with the scheme.  [Doc. 219 at 8–9].  He argues that "[t]he government failed to prove the materiality of any alleged misstatements made by Mr. Vergato which materially influenced Datavail to pay the invoiced amounts issued by Mr. Vergato's company, OPTO."  [*Id.* at 8].  This Court has already considered and rejected this argument in its order denying Defendant's Motion for Judgment of Acquittal or New Trial.  Specifically, the Court rejected this argument because (1) materiality is an objective inquiry, not a subjective one, and the Government was not required to prove that Mr. Vergato's statements *actually* influenced Datavail; (2) with respect to materiality, "the defendant need not have 'personally . . . made the offending communications if he participated in devising the scheme to defraud in which use of interstate wires foreseeably would follow'"; and (3) in addition to being charged with wire fraud, Mr. Vergato was charged with aiding and abetting wire fraud, and there was sufficient evidence to convict Mr. Vergato of aiding and abetting wire fraud.  [Doc. 193 at 15–16 (quoting *United States v. Puckett*, 692 F.2d 663, 669 (10th Cir. 1982))].  The Court finds these reasons equally applicable here.  Furthermore, when a reviewing court hears a sufficiency of the evidence challenge, the appellate court views the evidence in the light most favorable to the Government.  *See United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000).  Because there are numerous bases upon which the jury could have found that the

materiality element was met, the Court respectfully concludes that this does not present a substantial, or "close," question. *Affleck*, 765 F.2d at 952.

Finally, Defendant argues that whether the Government proved a specific intent to defraud presents a substantial question for appeal. [Doc. 219 at 9–12]. He argues that "the evidence presented by the government cannot, and specifically does not, support a specific intent to defraud Datavail," but instead "established . . . that there was absolutely no plan or intent to defraud Datavail." [*Id.* at 10]. The Court cannot conclude that this sufficiency of the evidence question is a "substantial" one. As this Court previously explained, the Government offered evidence that Mr. Vergato used his stepdaughter's name in the formation and operation of the shell company and that this shell company billed Datavail for services not performed. *See, e.g.*, [Doc. 165 at 85:15–23, 192:17–193:19]. "In a sufficiency challenge, the pertinent question is whether the evidence introduced at the trial resulting in the defendant's conviction is sufficient to allow a rational trier of fact to convict." *Matthews v. Workman*, 577 F.3d 1175, 1185 (10th Cir. 2009). In the Court's view, whether or not this evidence is sufficient to allow a rational trier of fact to convict Defendant of wire fraud or aiding and abetting the same is not a "close" question.

In sum, the Court concludes that Defendant has not met his burden of demonstrating the existence of "a substantial question of law or fact" under 18 U.S.C. § 3143(b)(1)(B). The Court thus need not address whether any question on appeal is likely to result in reversal or a new trial. *See United States v. Woodard*, No. 08-cr-02338-JCH, 2012 WL 13076544, at *3 (D.N.M. Apr. 30, 2012). The Motion for Bail Pending Appeal Pursuant to 18 U.S.C. § 3143 is respectfully **DENIED**.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)   The Motion for Bail Pending Appeal Pursuant to 18 U.S.C. § 3143 [Doc. 219] is **DENIED**.

DATED:  October 7, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge